UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CYNTHIA COWLEY                                                     PLAINTIFF

v.                                                       CIVIL ACTION NO. 3:06-CV-77-S

BOARD OF EDUCATION OF                                  DEFENDANTS
HARDIN COUNTY, KENTUCKY, et al.

## MEMORANDUM OPINION

This matter is before the court upon the motion of the defendants, Hardin County Board of Education (the "Board"), Richard Hughes ("Hughes"), Carol Chitwood ("Chitwood"), and Lonnie Dennis ("Dennis"), for summary judgment. A party moving for summary judgment has the burden of showing that there are no genuine issues of fact and that the movant is entitled to summary judgment as a matter of law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 153-61, S. Ct. 1598, 1606-10, 16 L.Ed.2d 142 (1970); *Felix v. Young*, 536 F.2d 1126, 1134 (6th Cir. 1976). Not every factual dispute between the parties will prevent summary judgment. The disputed facts must be material. They must be facts which, under the substantive law governing the issue, might affect the outcome of the suit. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247, 106 S. Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). The dispute must also be genuine. The facts must be such that if they were proven at trial, a reasonable jury could return a verdict for the non-moving party. *Id.* at 2510. The disputed issue does not have to be resolved conclusively in favor of the non-moving party, but that party is required to present some significant probative evidence which makes it necessary to resolve the parties' differing versions of the dispute at trial. *First Nat'l Bank of Arizona v. Cities Service Co.*, 391 U.S. 253, 288-89, 88 S.Ct. 1575, 1592-93, 20 L.Ed.2d 569 (1968). The evidence must be construed in a light most favorable to the party opposing the motion. *Bohn Aluminum & Brass Corp. v. Storm King Corp.*, 303 F.2d 425 (6th Cir. 1962).

**BACKGROUND**

The plaintiff, Cynthia Cowley ("Cowley"), was first employed as a school teacher by the Board in 1984. During her tenure, she has taught at several schools in the Board's district, including Radcliff Middle School, James T. Alton Middle School, Brown Street Center, and Vine Grove Elementary. Some of Cowley's moves between schools were voluntary, while others were a result of restructuring within the school district. During the 2004-05 school year, Cowley taught fifth grade at Vine Grove Elementary. In April 2005, she was notified by Dennis, Vine Grove Elementary's principal, that she was being involuntarily reassigned to the Hardin County Detention Center ("HCDC") for the following school year .

Although operated by the Kentucky Department of Juvenile Justice, HCDC's teaching faculty is staffed by the Board pursuant to contract. HCDC is considered an alternative education site by the Hardin County school district. Its student body is comprised of students who range in age from twelve to nineteen and who are housed at HCDC while awaiting adjudication within the juvenile justice system. The students at HCDC are not free to walk the halls unescorted by security. Teachers must also have a guard, a.k.a. "youth worker", with them at all times, including the classroom, unless that teacher is certified in the martial art of Akido. Many teachers seeking employment at HCDC are either just starting their careers or have spent their entire careers within alternative education programs.

Cowley objected to the transfer. But, Dennis told her it was for the best of the school. According to Defendants, Cowley had problems getting along with the principals who supervised her at Vine Grove Elementary, Larry Robinson ("Robinson") and Dennis. During his tenure, Robinson had placed Cowley on a Corrective Action Plan. Dennis succeeded Robinson, and after working in the school, he informed Chitwood, former Associate Superintendent for Personnel, and Hughes, Superintendent, that Cowley was causing problems and he needed assistance with her.

Dennis claims that Cowley challenged everything he did, intimidated the teachers, did not appear to want to participate in the activities of the school, and as a result, caused tension in the building.

Dennis expressed his concerns about Cowley with Chitwood and recommended that Cowley be removed from his school. Together, Chitwood and Dennis, discussed the situation with Hughes. Hughes believed that a recently opened teaching position at HCDC would a good fit for Cowley given her years of teaching experience. Most of the students at HCDC were learning on a elementary or middle school level, which corresponded with Cowley's experience and certification. Hughes decided to transfer her "to improve the climate, the learning situation at Vine Grove and also [to] meet the needs of the students at the detention center."

According to Cowley, the decision-makers behind the transfer, Chitwood, Dennis, and Hughes, were motivated by improper animus, not legitimate educational purposes. Cowley claims that evidence of this animus stems back to at to least April 2001, when she was issued a letter of reprimand by Robinson for allegedly having made insensitive statements to a student. In May 2001, she was reassigned from teaching fifth grade to fourth grade for the upcoming school year, and in June 2001, she was placed on a corrective action plan, which prevented her interviewing for a position at West Hardin Middle School, and given an unsatisfactory end-of-year performance evaluation. In Fall 2002, Dennis became principal of Vine Grove Elementary. Cowley argues that she was unaware of any problems Dennis had with her until April 2005 when she received notice of the transfer to HCDC. She asserts that Defendants intentionally timed the notice of transfer to prevent her from serving on the Vine Grove Site-Based Decision Making Council.[1] The notice was given to Cowley on the same day teachers at Vine Grove Elementary were nominating

---

[1]Ky. Rev. Stat. § 160.345 creates local, school based decision making councils charged with making decisions on staffing, instruction, and other school related issues. These councils consist of three parent and two teacher representatives.

representatives for the Council for the upcoming year. Teachers elected to the Council cannot be involuntarily transferred.

Cowley filed suit against the Board in Hardin County Circuit Court requesting a temporary injunction restoring her to her prior position at Vine Grove Elementary. The injunction was denied. Cowley then filed an Amended Complaint adding additional claims and defendants, Hughes, Chitwood, and Dennis. The Amended Complaint alleges that Defendants (1) violated her right to equal protection guaranteed by the Fourteenth Amendment to the U.S. Constitution, (2) violated her rights against arbitrary state action under Section Two of the Kentucky Constitution, (3) violated state law and local policies on site-based decision making, (4) violated her rights against involuntary transfer set out in local board policy, and (5) violated state law mandating that the true reasons for an involuntary transfer be provided to the transferee.

## ANALYSIS

We first address Cowley's claim based on federal law. Cowley asserts that her transfer violated her right under the Fourteenth Amendment of the U.S. Constitution to equal protection of the law. In order to establish a cause of action as a "class of one" under the equal protection clause of the Fourteenth Amendment, a plaintiff must demonstrate that she has been "intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Village of Willowbrook v. Olech*, 528 U.S. 562, 564, 120 S.Ct. 1073, 1074, 145 L.Ed.2d 1060 (2000) (citing *Sioux City Bridge Co. v. Dakota County*, 260 U.S. 441, 43 S.Ct. 190, 67 L.Ed. 340 (1923); *Allegheny Pittsburgh Coal Co. v. Commission of Webster Cty.*, 488 U.S. 336, 109 S.Ct. 633, 102 L.Ed.2d 688 (1989)). Others similarly situated would be those teachers with whom the administration allegedly experienced attitude and insubordination problems, but who were not involuntarily transferred. Cowley fails to present any evidence of others similarly situated. Merely stating that "the vast majority of teachers in the Hardin County Schools are never involuntarily transferred[]", is insufficient.

The remainder of Cowley's claims implicate only state law. Because we must dismiss the only claim over which we have original jurisdiction, we decline to exercise supplemental jurisdiction over Cowley's state law claims. *See* 28 U.S.C. § 1367(c). Cowley's state law claims will be remanded to the state court from which they were removed.

A separate order will be entered in accordance with this opinion.